# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 09-1873

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Ineye Dakoureye Bobmanuel, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 11, 2010
Filed: March 8, 2010

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

In November 2008, Ineye Bobmanuel pled guilty to possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). At sentencing, the district court[1] found that Bobmanuel has two prior felony convictions for crimes of violence (burglary and attempted burglary), which makes him a career offender under the sentencing guidelines. *See* U.S.S.G. §§ 4B1.1(a), 4B1.2(a)(2), (c).

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

Accordingly, the court calculated Bobmanuel's offense level using the career offender guideline, U.S.S.G. § 4B1.1(b). The court went on to find that Bobmanuel possessed a gun, but noted that the firearm enhancement under U.S.S.G. § 2D1.1(b)(1) was "mooted" by the career offender finding. The court correctly determined that Bobmanuel's advisory guidelines range was 262 to 327 months. The court departed from the guidelines range based on the substantial assistance Bobmanuel provided to the Government, *see* U.S.S.G. § 5K1.1(a), and sentenced Bobmanuel to 120 months' imprisonment, the statutory minimum, *see* 21 U.S.C. § 841(b)(1)(A).

On appeal, Bobmanuel initially argued that he is not a career offender because his prior convictions are for burglary of a commercial building, as opposed to burglary of a dwelling, and after *Begay v. United States*, 553 U.S. 137 (2008), burglary of a commercial building is not a crime of violence.[2] This argument is foreclosed by our decision in *United States v. Stymiest*, 581 F.3d 759 (8th Cir. 2009). There, we held that *Begay* did not undermine our previous decisions holding that generic burglary—including burglary of a commercial building—is a crime of violence. *Id.* at 768-69. To his credit, defense counsel sent a letter to the court before this case was submitted, acknowledging that *Stymiest* disposes of the career offender issue.

Bobmanuel apparently continues to challenge the district court's finding that he possessed a gun. But as the district court noted, the firearm enhancement turned out to be irrelevant, since applying the career offender guideline resulted in a higher

---

[2]In fact, one of Bobmanuel's prior convictions is for *attempted* burglary of a commercial building, but that detail does not affect our analysis. *See* U.S.S.G. § 4B1.2 cmt. n.1 (stating that "crime of violence" under section 4B1.2 "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses"); *see also James v. United States*, 550 U.S. 192, 203-07 (2007) (finding that attempted burglary "poses the same kind of risk" as generic burglary for the purpose of applying the Armed Career Criminal Act, 18 U.S.C. § 924(e), and noting with approval the U.S. Sentencing Commission's "similar conclusion with regard to the . . . career offender enhancement").

total offense level.  *See United States v. LeGrand*, 468 F.3d 1077, 1082 (8th Cir. 2006).  Because we conclude that the district court properly found that Bobmanuel is a career offender, the firearm issue is moot.

For the foregoing reasons, we affirm Bobmanuel's sentence.

_____